[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION Re: MOTION TO STRIKE #117
The plaintiff brings this action as purchaser of certain assets from the FDIC in its capacity as Receiver for the Housatonic Bank and Trust Company. The plaintiff alleges that the defendants are guarantors of a promissory note pursuant to which a line of credit in the amount of $150,000.00 was extended to Western Woodwork Company. The plaintiff alleges said note is in default and despite demand to do so the defendants have failed to make payments pursuant to their guarantee.
The defendants, Ann Marie Maffeo and John Maffeo, have filed an answer to the complaint which includes nine special defenses. The plaintiff has moved to strike all nine special defense. The defendants, Ann Marie Maffeo and John Maffeo, do not oppose the motion to strike being granted as to the first, third, fourth, sixth and eighth special defenses.
The second special defense alleges that the guarantees are contracts of adhesion and therefore void ab initio. The fifth special defense alleges a defense of impairment of collateral. The seventh special defense alleges lack of consideration as to Ann Marie Maffeo.
In deciding a motion to strike, the court must assume the truth of the allegations of the pleading under attack and cannot consider material extrinsic to the pleading itself. Gordon v.CT Page 12211Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
In the second special defense (contract of adhesion) and the seventh special defense (lack of consideration), the defendants make allegations, which if proven would affect the validity of the guarantees ab initio. As to these special defenses the plaintiff relies on the doctrine set forth in the case of D'Oench Dume Co.v. FDIC, 315 U.S. 447, 625 S.Ct. 676 (1942), in which the Court held that a bank customer could not assert as a defense a secret or unrecorded agreement between such customer and the bank in an action maintained by the FDIC to collect on a note to the insolvent bank. Whatever may be their validity from a factual standpoint this court does not believe that the second and seventh special defenses are as a matter of law, precluded by the D'Oench Dume doctrine.
As stated above, the fifth special defense alleges impairment of the collateral. The plaintiff relies on the language of the guarantee to argue that this special defense must be stricken since the guarantee is absolute and unconditional thus there is no duty on the part of the plaintiff as alleged in the fifth special defense. However, the court cannot go outside the scope of the pleading under attack in deciding a motion to strike but must assume the truth of the facts alleged. The motion to strike cannot be granted as to the fifth special defense for that reason.
The ninth special defense alleges CUTPA (Connecticut Unfair Trade Practices Act) violations based upon the same allegations contained in the special defense discussed above. In the court's view, CUTPA is a sword not a shield. CUTPA is a remedial statutory scheme which permits an action for the recovery of monetary damages by one who has suffered an ascertainable loss as a result of an unfair trade practice. If the defendants were to prove one of the special defenses which they rely on for their CUTPA claim, their liability would be extinguished thereby. The motion to strike should therefore be granted as to the ninth special defense.
In summary, the motion to strike is granted as to the first, third, fourth, sixth, eight and ninth special defenses. It is denied as to the second, fifth, and seventh special defenses.
THOMPSON, J. CT Page 12212